IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SIDNEY MARTS,
    Plaintiff,

vs.                                                  Case No.: 3:08cv318/MCR/EMT

ESCAMBIA COUNTY, et al.,
    Defendants.
_____/

**ORDER**

        Plaintiff initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). Named as Defendants in Plaintiff's complaint are: Escambia County; Rona Diane Leaf, a teller at Sun Trust Bank (STB); STB; STB "Official" Jennifer Hardman; Chris Ross, Assistant Public Defender; Jon S. Wheeler, Clerk of Court for the Florida First District Court of Appeal; Jane Doe; Gadsen County; and Bridgette Jensen (Doc. 1 a 1–2). The filing fee has not been paid, nor has Plaintiff filed a properly completed motion to proceed in forma pauperis (IFP) or been granted leave to proceed IFP.[1]

        This cause is now before the court on Plaintiff's "Petition for Writ of Prohibition[/] Mandamus/Certorari [sic]" (Doc. 9), in which Plaintiff lists himself as a "Petitioner" and lists "Sheriff, Ron McNesby, et. al. and Escambia County, et. al." as "Respondents" (*id.* at 1) (emphasis added). Additionally, Plaintiff lists three different Northern District of Florida case numbers, and one appellate case number on the "Petition." Thus, initially, it is unclear whether Plaintiff intended to file the instant "Petition" (Doc. 9) in this case, or in one of the other cases listed on the "Petition."

---

[1] Plaintiff has submitted incomplete motions for leave to proceed in forma pauperis in the instant case, both of which have been denied (Docs. 2, 5, 6, 8).

Indeed, it appears that Plaintiff intended to file the instant "Petition" in case number 3:08cv24/RV/MD, as he specifically refers to that case (*see* Doc. 9 at 2). Although unclear, Plaintiff appears to object to the appellate court's issuance of a $450.00 filing fee in case number 08-12101-B (*id.*) (and appellate case number 08-12101-B relates to a notice of appeal filed by Plaintiff in case number 3:08cv24/RV/MD). Thus, if Plaintiff is seeking relief in case number 3:08cv24/RV/MD, he should file a new motion in that case, <u>listing only that case number</u>. Moreover, Plaintiff is advised that if a document is to be filed in more than one case, he must provided sufficient <u>originals</u> (i.e., each bearing an original signature) for filing in each case as required by N.D. Fla. Loc. R. 5.1(B)(5).

To the extent Plaintiff seeks reconsideration of this court's previous orders denying, without prejudice, his motions to proceed IFP in <u>this</u> action (Doc. 5 (order entered July 30, 2008), Doc. 8 (order entered August 13, 2008)), the court will construe Plaintiff's "Petition" (Doc. 9) as a motion for reconsideration of those orders.

Plaintiff's motions to proceed IFP (Docs. 2, 6) were each denied, without prejudice, because Plaintiff failed to fully complete the forms required for use by an inmate seeking leave to proceed IFP. *See* 28 U.S.C. § 1915(a)(2) (an inmate must provide the requisite supporting documentation for a motion for leave to proceed IFP, specifically, a financial certificate signed by a prison official with an attached copy of the inmate's trust fund account statement covering the six-month period preceding the filing of the complaint). Because Plaintiff's motions and supporting documentation failed to comply with § 1915(a)(2), each motion was denied without prejudice (*see* Docs. 5, 8). Moreover, in each instance, Plaintiff was provided blank motions to proceed in forma pauperis and prisoner consent forms and financial certificates approved for use in the Northern District, and he was given additional time within which to file a properly completed motion to proceed IFP (*id.*).

Plaintiff has failed to show that the orders issued July 30, 2008 and August 13, 2008 (Docs. 5, 8) were clearly erroneous or contrary to law, therefore, the motion for reconsideration shall be denied. Plaintiff is advised that he may obtain review of an order of this court on any pretrial matter by filing a motion for reconsideration with the district court, pursuant to 28 U.S.C. § 636(b)(1)(A), in which he must show that this court's order was clearly erroneous or contrary to law.

Case No.: 3:08cv318/MCR/EMT

Accordingly, it is **ORDERED**:

Plaintiff's "Petition for Writ of Prohibition[/]Mandamus/Certorari [sic]" (Doc. 9), construed as a motion for reconsideration, is **DENIED**.

**DONE AND ORDERED** this 21st day of August 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**